## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**CHRISTOPHER M. RODGERS, on behalf of
himself and others similarly situated**

       **Plaintiff,**

**vs.**

**CVS PHARMACY, INC.,**

       **Defendant.**

_____/

*8 05-CV-770-T-27 MSS*

**Case No.**
**COLLECTIVE ACTION**

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Christopher M. Rodgers, ("Rodgers" or "Plaintiff") on behalf of himself and others similarly situated, hereby sues defendant CVS Pharmacy, Inc. ("Defendant" or "CVS") and alleges as follows:

### INTRODUCTION

1.    This is a collective action brought pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA") to recover unpaid wages, overtime compensation and liquidated damages owed to Plaintiff and all others similarly situated who are or were employed by Defendant.

2.    During the three years prior to the filing of this action ("Liability Period"), Defendant had a policy and practice of illegally deleting time employees worked from their time records, also known as "shaving time."



1

3.      As a result of Defendant's actions, Plaintiff and other similarly situated employees of Defendant have been deprived of wages, including overtime wages, owed to them for work performed during the Liability Period.

4.      Pursuant to the FLSA, Plaintiff, on behalf of himself and others similarly situated, seeks overtime compensation, liquidated damages, post-judgment interest and attorneys' fees and costs from Defendant.

5.      Subsequent to the filing of this action, Plaintiff will request this Court to authorize concurrent notice to all employees similarly situated to Plaintiff who were employed by Defendant during the Liability Period, informing them of the pendency of this action and their right to opt into this lawsuit pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over this claim pursuant to 29 U.S.C. § 216 and 28 U.S.C. § 1331.

7.      Venue is proper in this Court pursuant to 28 U.S.C. § 1331(b), as the events or omissions giving rise to the claims alleged herein occurred in Pasco County, Florida.

## PARTIES

9.      Rodgers was and is a resident of Holiday, Pasco County, Florida.

10.     CVS was and is a foreign corporation conducting business in Pasco County, Florida and subject to the requirements of the FLSA.

11.     At all times material, Plaintiff and others similarly situated to him are employees of Defendant pursuant to 29 U.S.C. § 203(e)(1), Defendant is the employer of Plaintiff and others similarly situated to him within the meaning of 29 U.S.C. § 203(a)

and (d), and Defendant employs Plaintiff and others similarly situated to him within the meaning of 29 U.S.C. § 203(g).

## **GENERAL ALLEGATIONS**

12.     Defendant owns and operates a number of pharmacies.

13.     Plaintiff and others similarly situated to him are employed by Defendant during the Liability Period to work at pharmacies owned and operated by Defendant.

14.     Plaintiff and others similarly situated to him perform duties such that they did not satisfy the requirements for any of the exemptions set forth in the FLSA.

15.     Plaintiff and others similarly situated to him are paid on an hourly basis for hours worked.

16.     Plaintiff and others similarly situated to him regularly work in excess of forty (40) hours in a workweek while employed by Defendant.

17.     Despite working in excess of forty (40) hours in a workweek, Plaintiff and others similarly situated to him only do not receive overtime payments at a rate not less than one and one-half (1 and 1/2) times their regular rate for such overtime hours.

18.     On one or more occasions during the Liability Period, CVS modified time entries from hours worked by Rodgers to remove time that Rodgers had worked.  As a result of such actions, Rodgers has been deprived wages for overtime work owed to him under the FLSA.

19.     When employees, including Plaintiff, begin working, their "clock in" time is recorded in CVS's computer system.

20.     When employees, including Plaintiff stop working, their "clock out" time is recorded in CVS's computer system.

21.     CVS managers have a policy or practice of utilizing a "manager override" to delete time when it is transferred to CVS's payroll system.

22.     It is possible to readily compute the total amount of overtime wages not paid to Plaintiff and others similarly situated to him due to the deletion and/or modification of time entries.

23.     Upon information and belief, there are numerous persons similarly situated to Plaintiff who are and were employed by Defendant during the Liability Period who worked in excess of forty (40) hours in a workweek and whose time entries were modified by CVS to remove hours that they had worked.

24.     Plaintiff has retained the services of the undersigned attorneys and is obligated to pay the undersigned a reasonable fee for their services.

25.     Plaintiff demands a trial by jury on all claims alleged herein.

### COUNT I
### VIOLATIONS OF THE OVERTIME REQUIREMENTS
### OF THE FLSA AS TO PLAINTIFF RODGERS

26.     Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 25 as if fully restated herein.

27.     Defendant's failure to provide Plaintiff overtime compensation at a rate not less than one and one-half (1 and 1/2) times his regular rate for hours worked over forty (40) in a workweek constitutes a violation of the FLSA, 29 U.S.C. § 207.

28.     Defendant's violations of the FLSA were knowing, willful and in reckless disregard of the rights of Plaintiff.

WHEREFORE, Plaintiff prays that this Court issue an Order:

a.     accepting jurisdiction over this action;

b.     awarding damages for the amount of unpaid overtime compensation owed to him;

c.     award liquidated damages, pursuant to 29 U.S.C. § 216(b), in an amount equal to the overtime compensation owed to him,

d.     awarding post-judgment interest, reasonable attorneys' fess and costs pursuant to 29 U.S.C. § 216(b);

e.     authorizing the issuance of notice at the earliest possible time to all employees similarly situated to Plaintiff who were employed by Defendant during the Liability Period; and

f.     awarding all other relief as the Court deems just and appropriate.

## COUNT II
## VIOLATIONS OF THE OVERTIME REQUIREMENTS OF THE FLSA
## AS TO OTHERS SIMILARLY SITUATED TO PLAINTIFF RODGERS

29.     Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 25 as if fully restated herein.

30.     Defendant's failure to provide to employees similarly situated to Plaintiff. overtime compensation at a rate not less than one and one-half (1 and 1/2) times their regular rate for hours worked over forty (40) in a workweek constitutes a violation of the FLSA, 29 U.S.C. § 207.

31.     Defendant's violations of the FLSA were knowing, willful and in reckless disregard of the rights of employees similarly situated to Plaintiff.

WHEREFORE, Plaintiff prays on behalf of others similarly situated to him that this Court issue an Order:

a.     accepting jurisdiction over this action;

5

b.      awarding damages for the amount of unpaid overtime compensation owed

        to them;

c.      award liquidated damages, pursuant to 29 U.S.C. § 216(b), in an amount

        equal to the overtime compensation owed to them;

d.      awarding post-judgment interest, reasonable attorneys' fess and costs

        pursuant to 29 U.S.C. § 216(b); and

e.      awarding all other relief as the Court deems just and appropriate.

Respectfully submitted this 20th day of April 2005.

Gregory K. Showers
Florida Bar No. 000760
Ryan D. Barack
Florida Bar No. 0148430
Kwall, Showers, Coleman & Barack, P.A.
133 North Fort Harrison Avenue
Clearwater, Florida 33755
(727) 441-4947
(727) 447-3158 Fax
Attorneys for Plaintiff