UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTOPHER M. RODGERS, on behalf of
himself and others similarly situated,

    Plaintiff,

vs.                                  Case No.   8:05-cv-00770-JDW-MSS
                                                   COLLECTIVE ACTION

CVS PHARMACY, INC.,

    Defendant.
_____/

**PLAINTIFF'S MEMORANUM OF LAW IN OPPOSITION TO
DEFENDANT'S NOTICE OF OBJECTION AND MOTION TO STRIKE
CERTAIN EXHIBITS OF PLAINTIFF'S MOTION TO CONDITIONALLY
CERTIFY COLLECTIVE ACTION, TO FACILITATE NOTICE, AND TO
COMPEL EXPEDITED DISCOVERY (DOC. 15) AND
DEFENDANT'S NOTICE OF OBJECTION AND MOTION TO STRIKE
CERTAIN PORTIONS OF THE DECLARATION OF POTENTIAL OPT-IN
<u>PLAINTIFF FRANCISCO LOPEZ (DOC. 26).</u>**

Plaintiff Christopher M. Rodgers, by and through his undersigned counsel, responds to Defendant's Notice of Objection and Motion to Strike Certain Exhibits of Plaintiff's Motion To Conditionally Certify Collective Action, To Facilitate Notice, And To Compel Expedited Discovery (Doc. 15), and Defendant's Notice of Objection and Motion to Strike Certain Portions of the Declaration of Potential Opt-In Plaintiff Francisco Lopez (Doc. 26) (collectively "Motions to Strike") as follows:

The Motions to Strike do not reference any provisions of the Federal Rules of Civil Procedure or the Local Rules of the Middle District of Florida that supports their filing. It appears that the Motions to Strike are an attempt to avoid the page restrictions

of the local rules[1] and are a waste of time.  *See generally, Scelta v. Delicatessen Support Servs.*, 82 Fair Empl. Prac. Cas. (BNA) 931 (M.D. Fla. 1999)("Motions to strike are 'not favored by the Court and [are] often considered time wasters.'" *quoting Somerset Pharmaceuticals, Inc. v. Kimball*, 168 F.R.D. 69 (M.D. Fla. 1996)).

In this case, the Motions to Strike attack three categories of materials filed in support of the Plaintiff's Motion To Conditionally Certify Collective Action, To Facilitate Notice, And To Compel Expedited Discovery ("Motion to Certify"): 1) portions of the affidavits of the opt-in plaintiffs, 2) documents reflecting complaints made to the Department of Labor, and 3) two newspaper articles.  The motions to strike are not well founded in law or in fact.

**1.      Affidavits**

Contrary to defendant's assertions, the affidavits are based upon facts known to the plaintiffs.  It is simply that CVS does not like the facts that are recounted in the affidavits.

Relying upon the summary judgment standard, CVS attempts to make much of the fact that the affidavits do not name every other employee who was not paid properly or who would chose to join in this suit.  Although the provisions of Rule 56 are not applicable to this part of the proceedings, *see Hipp v. Liberty National Life Insurance Co.,* 252 F.3d 1208 (11th Cir.2001)(detailing the procedure the district court is to utilize), it should be noted that hearsay can be admissible in a summary judgment proceeding if it can be reduced to an admissible form at trial.  *See Macuba v. Deboer,* 193 F.3d 1316,

---

[1]      Plaintiff has filed a motion to strike the defendant's Motions to Strike and Defendant's Memorandum in Opposition to Plaintiff's Motion to Conditionally Certify Collective Action, to Facilitate Notice, and to Compel Expedited Discovery as they do not comply with Local Rule 3.01(c).

1322-25 (11th Cir. 1999). In this case, after certification and collective action discovery as contemplated by *Hipp*, there will be no hearsay issue as to the identity of the other collective action members, as they will have affirmatively elected to join in. Therefore, the hearsay issue will be moot.

In addition, assertions that the FLSA violations were isolated incidents is directly contradicted by the affidavits of CVS employees filed by CVS in opposition to the Motion to Certify which detail at least 13 employees who reported problems with their compensation. [Bade Affidavit ¶ 10; Bandilla-Krebs Affidavit ¶ 11; Miller Affidavit ¶¶ 9, 11, 12; Russo Affidavit ¶ 11; Scheu Affidavit ¶ 11; Trizlova Affidavit ¶ 11; Zuniga Affidavit ¶ 11; Rand Affidavit ¶ 10; Richardson Affidavit ¶ 10; Alonso Affidavit ¶ 11; Lewis Affidavit ¶¶ 11, 13; Toro Affidavit ¶ 10,11; Torres Affidavit ¶ 11]. Clearly, if CVS' payroll system worked in the manner they assert, more that 40% of the employees they identified should not report problems with their compensation.

In support of striking portions of the affidavits, defendant relies primarily on *Richards v. Computer Scis. Corp.*, 2004 U.S. Dist. LEXIS 19637 (D. Conn. Sept. 28, 2004). Importantly, the same day the court issued the order cited by defendant, in the same case, the same court approved the certification of a nationwide FLSA collective action involving multiple job categories. *See Richards v. Computer Scis. Corp.*, 2004 U.S. Dist. LEXIS 19638 (D. Conn. Sept. 28, 2004). In so ruling, the court noted that the plaintiff had met his "minimal evidentiary showing" to allow the case to proceed on a collective action basis through discovery. *Id*.

In footnote 5 of the first Motion to Strike (Doc. 15), defendant references the fact that Rodgers and Sherer each only attached materials detailing one violation each of the

3

provisions of the FLSA. Importantly, defendant does not deny that it violated the provisions of the FLSA. In fact, defendant cannot dispute Rodger's and Sherer's claims of multiple violations because, contrary to the requirements of the FLSA, CVS does not maintain records of the changes that they are making to the employee time records.[2] Therefore, the burden is shifted to CVS to disprove the employees' claims. *See Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687-88, 66 S.Ct. 1187, 1192, 90 L.Ed. 1515 (1946)(holding that where the employer's records are inaccurate or inadequate and the employee shows that he performed work for which he was not properly compensated, the burden shifts to the employer to prove its claim or disprove the employee's, and upon failing to do so, the court can award damages to the employee even if the result is only approximate).

The affidavits are proper because they are based upon the personal knowledge of the affiants and are sufficient to meet the low burden for FLSA collective action provisional certification.

---

[2] The FLSA requires that "[e]very employer subject to any provision of [the FLSA] … shall make, keep, and preserve such records of the persons employed by him and of the wages, hours and other conditions and practices of employment maintained by him, and shall preserve such records for such periods of time, and shall make such reports therefrom to the Administrator as he shall prescribe by regulation…." 29 U.S.C. § 211 (c). The regulations provide that employers are required to keep payroll records for three years. *See* 29 C.F.R. § 516.5. Employers are also required to keep the source documents used to compile other payroll records for two years. These records would include the source document that substantiates the payroll information, such as timecards or time sheets and records that show the adjustments made to an employee's wages. *See* 29 C.F.R. § 516.6 "The regulations require that an employer keep such records that anyone -- the employer, the employee, or the Department of Labor -- upon inspection can compare an established pay period with a corresponding work period that permits ready calculation of the wages per hour." *Olson v. Superior Pontiac-GMC, Inc*., 776 F.2d 265, 266 (11th Cir 1985); *see also* 29 C.F.R. § 516.7(a)("Each employer shall keep the records required by [the FLSA] safe and accessible at the place or places of employment, or at one or more established central recordkeeping offices where such records are customarily maintained.").

2.      **Department of Labor Records**

The Department of Labor ("DOL") document are offered to show that other CVS employees would be interested in joining this suit because they have complained about the same type of misconduct by CVS. Plaintiff has recently received additional documents from the DOL that show that other employees at other CVS stores have also complained to the DOL about the exact same conduct – CVS managers shaving their time to remove hours worked. (Doc. 28)[3]  Plaintiff will continue to supplement as additional DOL documents become available.[4]

These DOL documents are further confirmation that in violation of the recordkeeping provisions of the FLSA, CVS does not maintain records of the changes that they are making to the employee time records. See 29 U.S.C. § 211 (c); 29 C.F.R. §§ 516.5, 516.6.

3.      **Newspaper Articles**

Contrary to defendant's assertions, it is common for courts at all levels to rely upon newspaper articles to provide context, background and support. *See, e.g., Washington v. Glucksberg*, 521 U.S. 702, 718, 117 S. Ct. 2258, 2266 n. 16 (1997)(citing N.Y. Times, Washington Post, and Orlando Sentinel); *Lofton v. Sec'y of the Dep't of Children & Family Servs.*, 358 F.3d 804, 807 (11th Cir. 2004)(citing Miami Herald, Miami Times, Times-Picayune, St. Petersburg Times, L.A. Times, N.Y. Times, Oregonian, Good Morning America, World News Tonight with Peter Jennings,

---

[3] The DOL has velumous records about CVS violations of the provisions of the FLSA. Plaintiff is only referencing DOL Cases 1315833, 1197603, 1116718, 309390, and 251671 which involve time shaving.

[4] Counsel for CVS has also made a FOIA request to the Department of Labor seeking the same information.

Primetime Thursday, and All Things Considered); *Fuente Cigar v. Opus One*, 985 F. Supp. 1448, 1455 (M.D. Fla. 1997)(citing N.Y. Times).

The article from the New York Times (Exhibit A) provides context on the issue of time shaving and the article from the Washington City Paper (Exhibit F) illustrates that other employees would be interested in joining this suit if they because aware of it. The two articles are appropriate for the Court to consider in determining if plaintiff has met his low burden to warrant certification of the collective action and defendant's motion should be denied.

**4.      Conclusion**

Defendant, relying upon no procedural rule, seeks to have this Court prematurely determine the merits of this dispute by excluding evidence. The Court should utilize the "fairly lenient standard" which "typically results in 'conditional certification'" and allow notice to be issued. *Hipp*, 252 F.3d. at 1218. Defendant's attempts to strike should be rejected.

Respectfully submitted:

 /s/ Gregory K. Showers
Gregory K. Showers
Florida Bar No. 000760


/s/ Ryan D. Barack
Ryan D. Barack
Florida Bar No. 0148430
Kwall, Showers & Coleman, P.A.
133 North Fort Harrison Avenue
Clearwater, Florida 33755
(727) 441-4947
(727) 447-3158 Fax
Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a copy of the foregoing will be furnished via the Electronic Case Management System this 1st day of August 2005 to the following:

>Andrew J. Voss, Esq.
>Aaron Reed, Esq.
>Lisa Schreter, Esq.
>LITTLER MENDELSON, P.C.
>One Biscayne Tower, Suite 1500
>Two South Biscayne Blvd.
>Miami, Florida 33131

>/s/Ryan D. Barack
>Attorney