# EXHIBIT A

## CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE

CVS PHARMACY, INC. ("CVS") and CHRISTOPHER M. RODGERS his heirs, executors, administrators, successors, and assigns (collectively referred to throughout this Agreement as "RODGERS"), agree that:

1. **Consideration**. In consideration for signing this Settlement Agreement and General Release and compliance with the promises made herein, CVS shall pay the total sum of THIRTY FIVE THOUSAND DOLLARS AND NO CENTS ($35,000.00), allocated as follows:

    a. CVS shall issue payment in the amount of FOURTEEN THOUSAND FIVE HUNDRED FORTY ONE DOLLARS AND SIXTY EIGHT CENTS ($14,541.68), made payable to "Kwall, Showers, Coleman, & Barack, P.A." (tax identification number 59-1679212), for attorney's fees and costs, and shall issue the appropriate 1099 for this amount.

    b. CVS shall issue payment in the amount of FOUR THOUSAND DOLLARS AND NO CENTS ($4,000.00), less all lawful deductions, made at the usual and customary rate, made payable to "Christopher Rodgers." The payment referenced in this subparagraph (b) represents the recovery of back wages.

    c. CVS shall issue payment in the amount of SIXTEEN THOUSAND FOUR HUNDRED FIFTY EIGHT DOLLARS AND THIRTY TWO CENTS ($16,458.32), made payable to "Christopher Rodgers," and shall issue the appropriate 1099 for this amount. The payment referenced in this subparagraph (c) represents the recovery of sums other than back wages.

    d. Any tax obligation arising from the payment made to RODGERS under subparagraph (c) of this Agreement will be RODGERS' sole responsibility. RODGERS agrees to and does indemnify, defend and hold CVS harmless for and from any federal, state and local tax liability, including taxes, interest, penalties or the like, and required withholdings, which may be or are asserted against or imposed upon CVS by any taxing authority based upon any failure to withhold any amount from the Settlement Sum for tax purposes and shall pay to CVS, upon demand, all reasonable attorneys' fees and costs incurred by CVS related thereto.

    e. RODGERS acknowledges that he specifically directed allocation of the Settlement Sum. RODGERS acknowledges that CVS did not participate in any way or make any representation regarding the allocation of the Settlement Sum.

    f. The settlement proceeds shall be mailed via overnight delivery to counsel for RODGERS within ten (10) business days of the satisfaction of all of the following conditions precedent:

        (1) receipt by counsel for CVS of this Settlement Agreement and General Release executed by RODGERS;

        (2) receipt by counsel for CVS of a Joint Motion for Court Approval of Settlement Agreement and General Release and Joint Stipulation for Voluntary Dismissal of Claims, *with prejudice*, executed by counsel

        for RODGERS in the matter of *Christopher M. Rodgers v. CVS Pharmacy, Inc.,* Case No. 8:05-cv-0070-JDW-MSS, currently pending in the United States District Court for the Middle District of Florida.

    (3)    receipt by counsel for CVS of an Order from the Court in the matter of *Christopher M. Rodgers v. CVS Pharmacy, Inc.,* Case No. 8:05-cv-0070-JDW-MSS, currently pending in the United States District Court for the Middle District of Florida, approving this Settlement Agreement and General Release and dismissing RODGERS' lawsuit, with prejudice.

    2.    **No Consideration Absent Execution of this Agreement**. RODGERS understands and agrees that he would not receive the monies and/or benefits specified in paragraph "1" above, except for his execution of this Settlement Agreement and General Release and the fulfillment of the promises contained herein. The payment reflected in paragraph "1" is made in full and final resolution of all claims that RODGERS has against CVS.

    3.    **General Release of Claims.**

    a.    RODGERS knowingly and voluntarily releases and forever discharges, to the full extent permitted by law, CVS PHARMACY, INC., its parent corporations, affiliates, subsidiaries, divisions, predecessors, successors and assigns, joint employers, and the current and former employees, officers, directors, owners, and agents of each of them (collectively referred to throughout the remainder of this Settlement Agreement as "CVS"), of and from any and all claims, known and unknown, asserted and unasserted, RODGERS has or may have against CVS as of the date of execution of this Settlement Agreement and General Release, including, but not limited to, any alleged violation of:

- Title VII of the Civil Rights Act of 1964, as amended;
- The Civil Rights Act of 1991;
- Sections 1981 through 1988 of Title 42 of the United States Code, as amended;
- The Employee Retirement Income Security Act of 1974, as amended;
- The Immigration Reform and Control Act, as amended;
- The Fair Labor Standards Act, as amended;
- The Equal Pay Act, as amended;
- The Americans with Disabilities Act, as amended;
- The Workers Adjustment and Retraining Notification Act, as amended;
- The Occupational Safety and Health Act, as amended;
- The Sarbanes-Oxley Act of 2002;
- The Florida Civil Rights Act – Fla. Stat. §760.01 et seq.;
- The Florida Whistle Blower Act – Fla. Stat. §448.101 et seq.;
- Florida Wage Payment Laws;
- Any other federal, state or local civil or human rights law or any other local, state or federal law, regulation or ordinance;
- Any public policy, contract, tort, or common law; and
- Any claim for costs, fees, or other expenses including attorneys' fees incurred in these matters.

    b.    CVS knowingly and voluntarily releases and forever discharges, to the full

extent permitted by law, RODGERS of and from any and all claims known and unknown, asserted and unasserted, CVS has or may have against RODGERS as of the date of execution of this Settlement Agreement and General Release.

4. **Affirmations**.
   a. RODGERS affirms that he has not filed, caused to be filed, or presently is a party to any claim, complaint, or action against CVS in any forum or form, except for the matter of *Christopher M. Rodgers v. CVS Pharmacy, Inc.,* Case No. 8:05-cv-0070-JDW-MSS, currently pending in the United States District Court for the Middle District of Florida.

   b. RODGERS further affirms that he has been paid and/or has received all leave (paid or unpaid), compensation, wages, bonuses, commissions, and/or benefits to which he may be entitled and that no other leave (paid or unpaid), compensation, wages, bonuses, commissions and/or benefits are due to him, except as provided for in this Settlement Agreement and General Release.

   c. RODGERS furthermore affirms that he has no known workplace injuries or occupational diseases and has been provided and/or has not been denied any leave requested under the Family and Medical Leave Act.

   d. RODGERS furthermore affirms that the monies and/or benefits specified in paragraph "1" above represent the full and complete recovery of all relief that he would otherwise be entitled to on his FLSA claims against CVS, which includes the minimum wage and overtime claims that he pursued in the matter of *Christopher M. Rodgers v. CVS Pharmacy, Inc.,* Case No. 8:05-cv-0070-JDW-MSS, currently pending in the United States District Court for the Middle District of Florida, as well as any claim of retaliation under the FLSA, since he stated that he planned to pursue such a cause of action if the parties were unable to resolve his claims via this Agreement. The full and complete recovery of all relief includes, but is not limited to, the recovery of all back wages, liquidated damages, compensatory or punitive damages, and any and all other item of damages that RODGERS may have been entitled to received in the event that he prevailed in his FLSA claims against CVS.

   e. RODGERS furthermore affirms that he does not have any records, documents, or any other property of CVS in his possession, and furthermore, that in response to discovery requests made during the course of his litigation against CVS, he produced to CVS any and all records, documents, or any other property of CVS that he had in his possession.

5. **No Re-Application for Employment**. RODGERS acknowledges that because of circumstances unique to him including, but not limited to, irreconcilable differences with CVS, he is not qualified to hold any position with CVS now or in the future and, therefore, shall not apply in the future for employment with CVS.

6. **Confidentiality**. RODGERS agrees not to disclose any information regarding the existence or substance of this Settlement Agreement and General Release to any current or former employees of CVS, excluding his immediate family.

7. **Governing Law and Interpretation**. This Settlement Agreement and General Release shall be governed and conformed in accordance with the laws of the State of Florida without regard to its conflict of laws provision. In the event that any party breaches any provision of this

Settlement Agreement and General Release, the parties affirm that they may institute an action to specifically enforce any term or terms of this Settlement Agreement and General Release. Should any provision of this Settlement Agreement and General Release be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Settlement Agreement and General Release in full force and effect.

8. **Conditions**. Should either party ever breach any provision or obligation under this Settlement Agreement and General Release, the other party explicitly agrees to pay all damages (including, but not limited to, litigation and/or defense costs, expenses, and reasonable attorneys' fees) incurred by the non-breaching party as a result of the breach. Nothing in this paragraph shall, or is intended to, limit or restrict any other rights or remedies either party may have by virtue of this Settlement Agreement and General Release or otherwise.

9. **No Admission of Wrongdoing**. The parties agree that neither this Settlement Agreement and General Release nor the furnishing of the consideration for this Release shall be deemed or construed at anytime for any purpose as an admission by any party of any liability or unlawful conduct of any kind.

10. **Amendment**. This Settlement Agreement and General Release may not be modified, altered or changed except upon express written consent of both parties wherein specific reference is made to this Settlement Agreement and General Release.

11. **Selective Enforcement**. The parties agree that the failure of any party to enforce or exercise any right, condition, term or provision of this Settlement Agreement and General Release shall not be construed as or deemed to be a waiver or relinquishment thereof, and the same shall continue in full force and effect.

12. **Entire Agreement**. This Settlement Agreement and General Release sets forth the entire agreement between the parties hereto, and fully supersedes any prior agreements or understandings between the parties. RODGERS acknowledges that he has not relied on any representations, promises, or agreements of any kind made to him in connection with his decision to accept this Settlement Agreement and General Release, except for those set forth in this Settlement Agreement and General Release.

**RODGERS IS HEREBY ADVISED THAT HE HAS A REASONABLE PERIOD OF TIME TO REVIEW THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE AND THAT HE SHOULD CONSULT WITH AN ATTORNEY PRIOR TO EXECUTION OF THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE.**

**HAVING ELECTED TO EXECUTE THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS IN PARAGRAPH "1" ABOVE, RODGERS FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS HE HAS OR MIGHT HAVE AGAINST CVS PHARMACY, INC.**

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Settlement Agreement and General Release as of the date set forth below:

CVS PHARMACY, INC.

_____   By:_____
CHRISTOPHER RODGERS                        Name:
                                                           Title:

Date: 7/24/06                                      Date:_____

5

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Settlement Agreement and General Release as of the date set forth below:

CVS PHARMACY, INC.

By: _____
Name: Douglas W. Phillips
Title: Assistant General Counsel

_____
CHRISTOPHER RODGERS

Date:_____   Date: August 7, 2006